Argued March 22, affirmed as modified and remanded April 26, 1921.

# KAUFMAN *v.* LOMBARD.

(197 Pac. 314.)

**Corporations—Election of Officers Held Valid Notwithstanding Partnership Agreement.**

1. Under a partnership agreement that plaintiff should be elected president and director of a corporation organized to hold the assets of the partnership, election of others as officers and directors of the corporation was valid and should not be vacated, where plaintiff refused to take part in the election or the meeting at which it was held; plaintiff at the organization of the corporation having been elected president and having acted as such for many years.

From Multnomah: ROBERT G. MORROW, Judge.

Department 2.

This is a suit to enjoin the defendants from acting as directors and officers of a corporation, and from interfering with the assets of the corporation. The assets of the partnership of John F. Kaufman & Company, which amount to some $60,000, are held in the name of the Agricultural Credit Corporation of Oregon. The Circuit Court rendered a decree dismissing the suit and requiring each party to pay their own costs. During the pendency of the appeal the trial court decreed that the assets of the defendant corporation remain in the hands of the Portland Trust Company of Portland, subject to the terms of the original order committing the same to that company.

In September, 1915, in the City of San Francisco, John F. Kaufman and Norman Lombard entered into a written agreement creating the copartnership of John F. Kaufman & Company, consisting of John F. Kaufman and Norman Lombard. The partnership was formed for the purpose of representing the Union

Central Life Insurance Company of Cincinnati, as its financial agent in handling the investments of its funds in the district of Western Oregon. The partnership secured a contract from the Union Central Life Insurance Company appointing it as such financial agent. The partnership contract provides that the business of representing the Union Central Life Insurance Company shall be carried on by the partnership and under the firm name of John F. Kaufman & Company. All of the business relations with the Union Central Life Insurance Company and with its borrowers of money have been conducted by the partnership. The partnership contract provided that as an adjunct to the copartnership a corporation should be formed, to be known as the Agricultural Credit Corporation of Oregon, to act as a holding company, to take and hold the assets of the partnership as the trustee and agent of the partnership. It provided that all of the stock in the corporation should be issued to and held by Lombard and plaintiff, John F. Kaufman, exclusively, and that neither party should sell any of his stock to an outside party. The by-laws of the corporation further provided that the president of the corporation should also occupy the office of treasurer and have active charge of the management of the corporation. As provided in the terms of the contract, the corporation was organized with a capitalization of $100,000, divided into 1,000 shares of the par value of $100 per share, and 750 shares were issued to Norman Lombard and 250 shares were issued to John F. Kaufman. Kaufman was elected a director and president and treasurer, acting in these capacities until ousted in January, 1919. Lombard was in like manner elected a director and vice-president. One share of stock was issued to

C. L. Whealdon to qualify him as the third member
of the board of directors. He was elected as secre-
tary, and acted in that capacity until January, 1919.
The partnership commenced business under its con-
tract with the Union Central Life Insurance Company
as its financial agent, the latter part of November,
1915, and opened an office in Portland. John F.
Kaufman assumed active charge of the business.
Lombard remained in California and assisted in an
advisory capacity. The business was carried on in
this manner until early in March, 1918, at which time
differences arose between the partners. There is
practically no controversy in regard to the facts
stated thus far.

Plaintiff asserts the following: In carrying out his
plan to get control of the assets of both partnership
and corporation, Lombard, on May 10, 1918, served
notice on plaintiff that the partnership relation there-
tofore existing between them was dissolved, and
shortly thereafter, through his attorneys, demanded
that the assets of both partnership and corporation
be placed in the hands of a trustee to hold as the
agent and trustee of Lombard and plaintiff, pending
a settlement of the affairs of the partnership and
corporation. The plaintiff consented to this demand,
and by written agreement the assets were placed in
the hands of a trustee, pending dissolution and settle-
ment of the affairs of the partnership and corpora-
tion, and remained there until January 20, 1919. As
a further step in carrying out his plan, Lombard
attempted to manipulate the corporate organization
of the corporation so as to gain entire control thereof
in himself and his attorneys, and through it gain
entire control of the assets belonging to the partner-
ship and held in the name of the corporation, by

reason of his holding three-fourths of the stock in the corporation. With this end in view, in January, 1919, Lombard caused a share of his stock to be assigned to each of his attorneys, Ben C. Dey, Alfred A. Hampson and Roscoe C. Nelson, in order to qualify them to act as directors and officers of the corporation, and on January 9, 1919, Lombard and his attorneys, defendants in this case, attempted to hold a so-called annual election of officers for the corporation and to elect themselves directors and officers thereof, to the exclusion of plaintiff; and further, at this meeting attempted to pass a resolution authorizing themselves, as officers of the corporation, to take over entire possession of the assets out of the hands of both plaintiff and the trustee, and to deny plaintiff all voice in the control and management of the assets. Pursuant to this resolution demand was made upon plaintiff and the trustee for immediate and exclusive possession of the assets.

The claim of defendants is practically as follows: The defendants, Dey and Hampson, are two of Lombard's attorneys holding each a share of stock to qualify him as director. Kaufman was president and his personal attorney, defendant C. L. Whealdon, was secretary of the corporation in 1918. Kaufman, Whealdon and Lombard comprised the directorate of three. Kaufman, while president, took up the corporation's note at a bank, substituting his own, gaining possession of the corporate collateral, amounting to two and one-half times the face of the note, and brought suit in the name of his wife, reputed holder of the note, against the corporation, to foreclose the collateral pledged. Lombard made written demand upon President Kaufman to call a special meeting of the stockholders. His purpose was to cause action to be taken to prevent the cor-

poration's assets being dissipated, the foreclosure suit mentioned having been filed, and the corporate officers upon whom the duty of defending the suit devolved being the instigators thereof. The by-laws required the president to call such a meeting upon demand of 25 per cent of the stock. Kautman refused to call a meeting. *Mandamus* proceedings were therefore instituted to compel the president to perform his duty in that regard. The Circuit Court granted a peremptory writ of *mandamus* on Kaufman's answer. An appeal was taken. The by-laws fixed a definite date, hour, and place for the holding of the annual meeting of the stockholders. The secretary was required to send notices, which he failed to do. At the appointed hour and place, Lombard was present, but President Kaufman ordered Lombard and the latter's attorneys out of the office. The meeting, which had been called to order by Vice-president Lombard upon the refusal of President Kaufman to act, was continued outside the door. Lombard, Dey and Hampson were elected directors and demanded the corporate books and assets. Kaufman dismissed his appeal in the *mandamus* case because the duty of calling a special meeting of the stockholders had become a moot question in view of the holding of the annual meeting, and for the same reason failed to call a special meeting in obedience to the peremptory writ.

AFFIRMED AS MODIFIED AND REMANDED.

For appellant there was a brief and an oral argument by *Mr. C. L. Whealdon.*

For respondents there was a brief over the name of *Messrs. Dey, Hampson & Nelson,* with an oral argument by *Mr. Roscoe C. Nelson.*

BEAN, J.—1. It is difficult to discover a real dispute between the principal parties, John F. Kaufman, plaintiff, and Norman Lombard. Neither seems to have been injured in a business way. The partnership of John F. Kaufman & Company has been dissolved. The assets of the partnership are held by the Agricultural Credit Corporation of Oregon. There is no dispute as to the share of the net assets that each of the parties are to receive. As to the possession and control of the notes and mortgages, which constitute a large portion of the partnership assets held in the name of the corporation, there is some controversy on the part of the members of the partnership. Mr. Kaufman is unwilling that Mr. Lombard shall be in a position to transfer the assets to the state of California, where he resides. Mr. Lombard evinces no desire to do so, and as we understand the record, is willing that a decree shall provide that such assets shall not be removed from the State of Oregon. By an order of the Circuit Court these assets were placed in the custody of the Portland Trust Company of Portland, Oregon. As far as we can discover, such disposition is satisfactory to both of the parties. There appears to be but one thing necessary to be done. That is to settle up the partnership affairs. This is the third suit that has been instituted involving some phase of the partnership or corporation interests. We concur in the findings of the Circuit Court that the election of Norman Lombard, Ben C. Dey and Alfred A. Hampson, as directors of the Agricultural Credit Corporation, on January 9, 1919, should not be annulled.

It is the contention of plaintiff that by virtue of a clause in the partnership contract he should have been elected as a director and then as president of

the corporation. The partnership stipulation in this regard reads as follows:

"John F. Kaufman shall be elected president of the said corporation and shall devote his entire time and energies to the operation of the business, receiving therefor from the corporation a salary of thirty-six hundred dollars ($3,600) per annum, payable monthly, and reimbursement for legitimate expenses. Norman Lombard shall be elected a director, and sufficient shares shall be issued to other parties to qualify them as directors under the laws of the State of Oregon."

Mr. Kaufman was elected president of the corporation and held that position for a long time. During 1918, on account of an action against the Agricultural Credit Corporation for the collection of certain notes, secured by a large amount of collateral, which Mr. Lombard understood to have been brought at the instigation of Mr. Kaufman, Lombard desired the holding of a special meeting of the stockholders of the corporation in order to facilitate arrangements for taking care of the notes. He instituted proceedings to compel Kaufman, as president of the corporation, to call such meeting. A peremptory writ of *mandamus* requiring a meeting to be held was adjudged to be issued. While an appeal was pending therefrom the time for the holding of the regular stockholders' meeting of the corporation, as provided for in its by-laws, arrived, and Norman Lombard, who owned 75 per cent of the shares of stock in the corporation, and Ben C. Dey and Alfred A. Hampson, to whom a share of stock had been assigned in order to qualify them to act as directors, appeared at the office where the business of the corporation had been transacted for the purpose of holding an election. Mr. John F. Kaufman was present. He had for a

long time had charge of the office. Mr. Lombard, as vice-president of the corporation, called the meeting to order and Lombard, Dey and Hampson were elected as directors, and at a subsequent directors' meeting the following officers of the corporation were chosen: Norman Lombard, president and treasurer; Alfred A. Hampson, vice-president; Ben C. Dey, secretary. Mr. Kaufman refused to participate in the election. It is asserted on behalf of Mr. Lombard that had he been willing to act at the election he would have been elected a director and president. The partnership agreement provides that John F. Kaufman shall be elected president of the corporation, and he was so elected. The agreement does not attempt to provide for all future contingencies and does not stipulate that Mr. Kaufman should hold the office of president in perpetuity. Under the circumstances, Lombard could not well compel Kaufman to act as a director and president of the corporation. We find no reason for annulling the election. The interests of plaintiff do not demand that such proceedings should be vacated. An executory contract between stockholders that they will elect a certain person as a director of the corporation will rarely be enforced specifically by the courts: Cook on Corporations, 1834.

The prosperity of the partnership business has not borne the fruit of business love between the partners. Diplomatic relations between the two seem to have ceased. What appears to be necessary is that the partnership affairs should, if possible, be settled in this proceeding. The restraining order prayed for by plaintiff in his complaint and the injunction asked in the answer of defendants should not be granted, except in part. The cause should be remanded to the

Circuit Court for a decree to the effect as follows: That the Portland Trust Company of Portland, Oregon, shall continue to take and hold all the assets of the partnership of John F. Kaufman & Company, held in the name of Agricultural Credit Corporation of Oregon, and all the assets of that corporation as fiscal agent, the Portland Trust Company, acting in consultation and conjunction with Mr. John F. Kaufman, the former managing partner, and the directors of the corporation, to marshal the assets and collect the same as soon as it can be done consistently with business principles, and pay and liquidate the liabilities of the corporation, including the amounts, if any, due to Norman Lombard and John F. Kaufman partners, and after deducting expenses thereof, pay the balance to the members of the partnership, or stockholders of the corporation, that is, three fourths to Norman C. Lombard and one fourth to John F. Kaufman, or as their interest represented by the shares' of stock in the corporation may appear at that time; and that all of the affairs of the partnership and those of the corporation be fully adjusted and settled. All of such proceedings shall be had under and pursuant to the general orders and direction of the Circuit Court, the Circuit Court to make all necessary ancillary orders and decrees that may be deemed appropriate at any time.

Such decree shall be without prejudice to the rights of any of the parties to litigate, either in the present suit or in separate proceedings, any disputed questions or matters that may arise in relation to the corporation of partnership affairs. Such decree may be modified by the Circuit Court, as to the disposition and control of the assets, at any time on motion of either party and notice to the other, as circumstances

may demand, and as may appear for the best interests of the partnership and corporation.

As so modified, the decree of the lower court is affirmed. The cause will be remanded to the Circuit Court for such further proceedings, each party to bear their own costs and disbursements upon this appeal.     AFFIRMED AS MODIFIED AND REMANDED.

BURNETT, C. J., and JOHNS and BROWN, JJ., concur.